*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

EMN:CMP
F.#2008R01448

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

July 5, 2012

**VIA ECF**

The Honorable Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Robert Dziedziach
          Criminal Docket No. 08-707 (NG)

Dear Judge Gershon:

    Pursuant to United States Sentencing Guideline ("U.S.S.G.") § 5K1.1, the United States respectfully submits this motion to enable the Court, in its discretion, to impose a sentence below the defendant Robert Dziedziach's advisory Sentencing Guidelines range based on his substantial assistance to law enforcement.  Sentencing is scheduled for July 11, 2012.

I.    The Offense Conduct

    As described in the Presentence Investigation Report ("PSR") dated February 22, 2012, co-defendant Jozef Wolosz was the president of construction contractor Keystone Renovations Corporation ("Keystone"), which performed work on various construction projects funded by the New York City Department of Housing Preservation and Development ("HPD") pursuant to subcontract agreements with MCR Restoration Corporation ("MCR").  PSR ¶¶ 5-6.  As publicly-funded projects, these HPD contracts often required that all workers be paid specified prevailing wages.  PSR ¶¶ 6-7.  On at least one project, however, Wolosz paid Keystone employees less than the prevailing wage by requiring that the employees cash their paychecks for the full amount (reflecting the prevailing wages), then give back a

portion of their earnings to Wolosz and Dziedziach, who was working at Keystone as a laborer and then as a foreman.  PSR ¶ 9.

In 2005, various carpenters, masons and laborers working for Keystone filed a civil class action against Dziedziach, Wolosz and co-defendant Bogdan Starzecki (the president of MCR) in the Eastern District of New York seeking payment of the wages they were compelled to kick back to Wolosz and Dziedziach.  PSR ¶¶ 11-12.  In 2006, Wolosz and Dziedziach paid co-defendant Dariusz Lapinski $15,000 (using Wolosz's funds) to intimidate the plaintiffs into dropping the lawsuit.  PSR ¶ 14.  After receiving payment, Lapinski threw acid on a plaintiff's girlfriend and then on the car of another plaintiff.  PSR ¶¶ 14, 35.

Despite these efforts at intimidation, the plaintiffs did not drop the lawsuit.  As a result, in 2008, Wolosz, Dziedziach and co-defendants Maciej Ropelewski and Rafal Kredens engaged an individual they believed was a Russian mobster – but who was really a government cooperating witness ("CW") – to assault the plaintiffs.  PSR ¶¶ 17-19.  In a series of consensually-recorded conversations, Dziedziach told the CW that 11 people would need to be beaten, and suggested that they be beaten badly enough to require a three-month stay in the hospital.  PSR ¶ 19.  In the course of these communications, Dziedziach also admitted that he and Wolosz had paid "Darek" (Lapinski) to assault the plaintiffs.  PSR ¶¶ 23-24.  At the direction of the investigating agents, in consensually-recorded conversations with Dziedziach, Kredens and Ropelweski, the CW "demanded" $25,000 per intended victim in order to carry out the assault.  PSR ¶¶ 19-24.  In a consensually-recorded meeting on September 18, 2008, Wolosz paid the CW $5,000 and instructed him to "collect" another $15,000 from Lapinski.  PSR ¶ 26.

II. <u>Arrest and Decision to Cooperate</u>

Dziedziach was arrested on October 1, 2008, along with Wolosz, Ropelewski and Kredens.  PSR ¶ 29.  Dziedziach immediately accepted responsibility for his actions.  In his post-arrest statement to the investigating agents from the Federal Bureau of Investigation, he admitted that he and Wolosz had retained Lapinski to intimidate the plaintiffs, and that he later acted as an intermediary between Wolosz and the CW in organizing the assault on the plaintiffs and their attorney.  Notably, at the time of his arrest, Dziezdiach identified Lapinski as the "Darek" referenced in the consensual recordings, thereby confirming Lapinski's identity to the investigating agents.  Dziedziach participated in multiple proffer sessions in

the fall and winter of 2008-2009, during which he was frank, forthright and visibly remorseful about his criminal activity. On January 29, 2009, he pleaded guilty, pursuant to a cooperation agreement, to Count Two of the Indictment. At the time of his guilty plea, the government consented to his pretrial release on bail. To the government's knowledge, he has been working steadily and without any problems since that time.

III. <u>Substantial Assistance to Law Enforcement</u>

Dziedziach provided extensive information about the obstruction and retaliation scheme and would have been prepared to testify at the trial of any co-defendants. This was particularly important with respect to Lapinski, who was not captured in any of the consensual recordings; had Lapinski decided to go to trial, Dziedziach would have been the most important witness. Lapinski and the other co-defendants, however, ultimately all pleaded guilty, so Dziedziach's testimony was not needed.

Dziedziach also provided detailed information about Wolosz's role in the prevailing wage scheme, including the fact that the workers would receive handwritten notes with their paychecks indicating how much of the paychecks they needed to return to Wolosz. This information corroborated the many handwritten notes that the government had obtained in the course of the investigation. Dziedziach, a Polish immigrant, admitted that before he received his work authorization, Wolosz paid him in cash, at least in part from the funds taken back from the plaintiffs. Dziedziach also described how Wolosz instructed the Keystone workers to tell HPD inspectors that they were being paid the full prevailing wage amounts. This information has been corroborated by other witnesses.

Perhaps most importantly, Dziedziach provided information indicating that Starzecki had knowledge that the Keystone workers were not being paid the full prevailing wage, and he identified additional witnesses who corroborated this information. Dziedziach also identified the various HPD projects where the prevailing wage scheme occurred, which enabled the government to obtain the necessary documentary evidence (such as the false certified payrolls and the inflated requisitions for payment from HPD). Based, in part, on this information and evidence, on July 15, 2009, a grand jury in this District returned a superseding indictment (S-1) alleging wire fraud conspiracy, wire fraud and false statements against Starzecki and Wolosz, in addition to the existing obstruction and retaliation conspiracy charges against Wolosz.

On September 20, 2010, Wolosz pleaded guilty to wire fraud conspiracy, and the Court sentenced him to ten years' imprisonment on March 18, 2011.  On October 5, 2011, Starzecki pleaded guilty to a superseding Information (S-2) charging racketeering conspiracy, bribery and other crimes involving corruption at HPD, as well as wire fraud conspiracy in connection with the prevailing wage scheme.  As the Court is aware, Starzecki's case was then related to United States v. Walters, et al., 11 CR 683 (NG), which charged Wendell Walters, an HPD assistant commissioner, and six real estate developers variously with racketeering conspiracy, bribery, extortion, wire fraud, wire fraud conspiracy, money laundering and money laundering conspiracy related to corruption and kickbacks in connection with lucrative HPD contracts.  The government therefore agrees with defense counsel's characterization of the consequences of Dziedziach's cooperation as extremely productive.[1]  Sentencing Submission dated June 28, 2012, at 3.

IV.   Presentence Report

In the PSR, the Probation Department calculated a total offense level of 22, including an eight-level enhancement for causing or threatening to cause physical injury (U.S.S.G. § 2J1.2(b)(1)(B)) and a three-level role enhancement (U.S.S.G. § 3B1.1(b)) for acting as a "supervisor" in the obstruction/retaliation conspiracy, which involved five or more participants.  The government respectfully submits, however, that Dziedziach's role is more appropriately described as that of an "organizer," as defined in U.S.S.G. § 3B1.1(c), because he essentially acted as the intermediary amongst the various co-conspirators, particularly between Kredens and Ropelewski on one hand, and Wolosz on the other hand.  As the Court recently stated during Wolosz's sentencing proceeding, role enhancements are not intended to be "based solely on the numbers" [of participants].  United States v. Wolosz, 08 CR 707 (NG), Sentencing Transcript dated March 9, 2011, at 10:21.  Thus, the government respectfully submits that the proper advisory Sentencing Guidelines calculation should include only a two-point role enhancement, resulting in total offense level of 21, or 37-46 months.

---

[1]   Dziedziach has also frequently reached out the investigating agents to report other items of possible investigative interest.  Although these leads have not resulted in fruitful investigations, the government respectfully submits that his continued contact with the agents demonstrates his acceptance of responsibility and commitment to providing substantial assistance.

4

V.   Conclusion

    For these reasons, the government respectfully submits that the defendant Robert Dziedziach has provided substantial assistance to law enforcement, and respectfully submits this motion to permit the Court, in its discretion, to impose a sentence below the advisory Guidelines range.

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney

    By:   /s/ Cristina M. Posa
    Cristina M. Posa
    Anthony M. Capozzolo
    Assistant U.S. Attorneys

cc:   Steven L. Brounstein, Esq.
    Jennifer G. Fisher, Probation Officer